THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIY M. KUCHEYNIK and ALENA I. KUCHEYNIK, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., <br><br> Defendants. | No. C10-451Z <br><br> ORDER |

THIS MATTER comes before the Court on the motion to dismiss, docket no. 9, filed by two of the Defendants in this action. Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and American Home Mortgage Servicing, Inc. ("AHMSI") filed a motion pursuant to Rule 12(b)(6) to dismiss all claims against them. Having reviewed all papers filed in support of and in opposition to the motion, the Court GRANTS Defendants' motion and enters the following Order.

ORDER - 1

## BACKGROUND

Sometime in 2009 Plaintiffs defaulted on their loan, and subsequently a foreclosure action was initiated against Plaintiffs' property. Id. at 6:21-24. On February 25, 2010, Plaintiffs filed a complaint in state court against Defendants Seattle Prime Mortgage ("SPM"), American Brokers Conduit ("ABC"), Fidelity National Title Insurance Company ("FNTI"), MERS, AHMSI, and unidentified Does I through VII. Plaintiffs allege violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedure Act ("RESPA"), and Washington's Consumer Protection Act ("WCPA"), as well as claims for breach of broker's duty, fraud, unjust enrichment and intentional infliction of emotional distress, seeking damages, rescission and other injunctive relief. The case was removed to this Court on or about March 18, 2010. Notice of Removal, docket 6-3 at 1-3.

In 2006, Plaintiffs Valeriy and Alena Kucheynik, husband and wife, refinanced their mortgage, which was secured by their primary residence. Complaint at 3:8-16. Sometime in the month before the closing, Plaintiffs contacted Defendant Broker SPM and requested that it locate a low-interest conventional fixed-rate loan. Id. at 3:21-24. On or about August 21, 2006, Plaintiffs executed an Adjustable Rate Note ("Note") and a Deed of Trust ("DOT"). Id. at 3:10-14. During the loan application process, neither SPM nor ABC provided Plaintiffs with adequate preliminary disclosures as required under TILA. Id. at 4:1-4. During the closing, Plaintiffs signed documents that they believe had an incorrect Amount Financed. Id. at 4:5-8. Plaintiffs were

ORDER - 2

charged a Yield Spread Premium ("YSP") in the amount of $3,520, which had not been previously disclosed to them. Id. at 4:13-15. The YSP was hidden in the interest rate, thus raising the interest rate of Plaintiffs' loan. Id. at 4:16-19. SPM and ABC concealed the fact that there was a YSP, instead telling Plaintiffs that the interest rate was the best rate SPM could get for them. Id. at 4:20-24.

## DISCUSSION

### A. Standard for Motion to Dismiss

To withstand a motion to dismiss, a plaintiff must "plead enough facts to state a claim that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). The complaint need not provide detailed factual allegations; however, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." Id. A court must determine whether the facts in a complaint "plausibly give rise to an entitlement of relief." Aschcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

A court must assume the truth of the plaintiffs' allegations and draw all reasonable inferences in the plaintiffs' favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1003-4 (9th Cir. 2008). A court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact in the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Also, a court need not accept as true allegations that contradict matters properly subject to judicial

ORDER - 3

notice or by exhibit.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend should be denied only if a court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 2004).  If amendment would be futile, a dismissal may be ordered with prejudice.  Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

### B. Federal law claims

Plaintiffs have asserted a right to rescind the loan transaction under 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a) (First Cause of Action), as well as claims for statutory damages for alleged TILA and RESPA violations (Second and Third Causes of Action).

TILA provides that when a consumer credit transaction is secured by the principal dwelling of the obligor, the obligor has the right to rescind the transaction within three business days after the consummation of the transaction or after receiving notice of this rescission right, whichever is later.  15 U.S.C. § 1635(a).  However, even if the obligor does not receive notice, "the right of rescission shall expire three years after the date of the consummation of the transaction. . . ."  15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3).

Under TILA, a plaintiff can also seek damages against creditors who fail to comply with the disclosure requirements set out by the statute.  See 15 U.S.C.

§ 1640(a).  In addition, TILA violations of a creditor are attributable to an assignee of the creditor if the violation is <u>apparent on the face of the disclosure statements</u> and the assignment is voluntary.  15 U.S.C. § 1641(e)(1).  A violation is apparent on the face of the disclosure statements if:

> (A) the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statements, any itemization of the amount financed, the note, or any other disclosure of disbursement; or
> (B) the disclosure statement does not use the terms or format required by this subchapter.

15 U.S.C. § 1641(e)(2).  Claims for statutory damages must be brought within one year from the date of the occurrence of the violation.  15 U.S.C. § 1640(e); <u>King v. State of California</u>, 784 F.2d 910, 914-15 (9th Cir. 1986).  The limitations period runs from the date of the consummation of the transaction.  <u>Id.</u>

RESPA provides a private cause of action in situations where (1) a loan servicer fails to give proper notice (12 U.S.C. § 2605), (2) there is a payment of kickback incident to a real estate settlement transaction (12 U.S.C. § 2607), and (3) a real estate property seller requires the use of a specific title insurer as a condition to the sale of the property (12 U.S.C. § 2608).  Claims brought under § 2605 have a three-year statute of limitations, while claims brought under §§ 2607 and 2608 have a one-year statute of limitations.  12 U.S.C. § 2614.

In the present case, the loan transaction was consummated on or about August 21, 2006.  Plaintiffs filed the present complaint on February 25, 2010.  Even if

ORDER - 5

Plaintiffs did not receive a notice of their right to rescind, Plaintiffs' claim for rescission expired on or about August 21, 2009, three years after the consummation of the transaction. Similarly, Plaintiffs' claims for statutory damages under TILA and RESPA are barred by the applicable one-year statute of limitations. Therefore, Plaintiffs' TILA and RESPA claims are DISMISSED.[1]

### C. State law claims

Plaintiffs bring claims for WCPA violations (Fourth Cause of Action), and for Intentional Infliction of Emotional Distress ("IIED") (Eighth Cause of Action).[2]

Under the WCPA, Plaintiffs need to establish that: (1) the defendant has engaged in an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) the plaintiff has suffered injury in his or her business or property; and (5) a causal link exists between the unfair or deceptive act and the injury suffered. Indus. Indem. Co. v. Kallevig, 114 Wn.2d 907, 920-21 (1990) (construing RCW 19.86.010 et. seq. and citing Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784-85 (1986)).

---

[1] In addition, Plaintiffs' claims, specifically against MERS and AHMSI, are factually deficient. Plaintiffs do not dispute that neither MERS nor AHMSI were involved in the origination of the loan, yet the complaint alleges acts almost entirely occurring during the loan origination process. In their briefing, Plaintiffs argue that these particular Defendants may be liable as assignees, yet the complaint lacks factual allegations that can establish assignee liability. For example, with regard to TILA, although Plaintiffs allege that the violations were facial (see complaint at 4:9-12), the complaint must contain more than conclusory allegations. Twombly, 550 U.S. at 555 (complaint must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action").

[2] Plaintiffs bring state law claims specifically against SPM and ABC for breach of broker's duty, fraud, and unjust enrichment. SPM and ABC have not joined in this motion, and therefore the Court does not address the merits of those claims.

Plaintiffs allege that Defendants committed numerous unfair practices during the loan transaction and that Plaintiffs are therefore entitled to relief under the WCPA. Complaint at 9:3-9.  Plaintiffs specifically allege that the Defendants committed violations including (1) enticing the Plaintiffs to apply for a Negative Amortization Adjustable Rate Mortgage loan, rather than the fixed-rate loan that Plaintiffs sought, (2) enticing Plaintiffs to believe that the loan had no prepayment penalty when the loan in fact did have such a penalty, (3) not fully and properly disclosing the broker's fee, making it impossible for Plaintiffs to comparatively shop for broker's services, (4) increasing the interest rate by improperly charging Plaintiffs a YSP without giving Plaintiffs proper notice, and (5) using the YSP in a manner that constitutes an illegal kickback.  Id. at 9:10-24.  Lastly, Plaintiffs generally allege that Defendants committed violations under TILA and RESPA, which constitute WCPA violations.  Id. at 9:25-26.

All of the allegedly deceptive conduct relates to, or occurred during, the loan origination process.  Plaintiffs do not dispute that Defendants MERS and AHMSI did not participate in the loan origination process.  Thus, the allegedly deceptive conduct is not attributable to Defendants MERS and AHMSI.  Plaintiffs fail to allege any conduct or acts committed by these two Defendants that constitute a deceptive practice, or allege any facts demonstrating a causal link between conduct by these Defendants resulting in an injury to Plaintiffs.

Plaintiffs rely on Puget Sound Nat'l Bank v. State Dept. of Revenue, 123 Wn.2d 284 (1994), for the proposition that as assignees of the Note and Deed of Trust,

ORDER - 7

MERS and AHMSI stepped into the shoes of the original lender and assumed its rights and liabilities, including any violations of state and federal law.  Plaintiffs seem to suggest that the mere assignment of contract, without more, automatically exposes the assignee to liability under the WCPA for allegedly fraudulent conduct of the assignor.  Puget Sound Nat'l Bank does not stand for this proposition, and Plaintiffs provide no relevant authority in support of their argument.  Under Washington contract law, an assignment of contract does not impose on the assignee the liabilities of the assignor unless the assignee assumes those liabilities.  See generally Dahlhjelm Garages v. Mercantile Ins. Co. of America, 149 Wash. 184 (1928); see also Danilyuk v. JP Morgan Chase Bank, N.A., 2010 WL 2679843, *4 (W.D. Wash. 2010) (dismissing plaintiffs' TILA, RESPA and CPA claims against assignee bank because complaint failed to allege any actions taken by assignee bank outside of its role as assignee to the loan).

Plaintiffs have not pled any facts to suggest that MERS or AHMSI have assumed liability for ABC or SPM's past conduct and alleged statutory violations.  Moreover, Plaintiffs cite no authority that stands for the proposition that a party liable under TILA or RESPA is automatically liable under WCPA.[3]  On the contrary, this

---

[3] Plaintiffs argue that Defendants MERS and AHMSI may be liable as assignees under RESPA citing to 16 C.F.R. § 433.2 (the "FTC Holder Rule").   The FTC Holder Rule only applies to consumer credit transactions.  See 16 C.F.R. § 433.2 ("[i]n connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act . . . ," where consumers are defined as purchasers of "goods or services for personal, family, or household use" (16 C.F.R. § 433.1)).  Home loan transactions are not consumer credit transactions, therefore the FTC Holder Rule does not apply.

ORDER - 8

Court has held that although an assignee may be liable under TILA for certain acts or omissions of the original creditor, it is not automatically liable under the WCPA for the creditor's conduct.  See White v. Homefield Financial, Inc., 545 F.Supp.2d 1159, 1169 (W.D. Wash. 2008).  Therefore, based on the facts pled in the complaint, Plaintiffs' have failed to articulate a cognizable theory of relief.  Plaintiffs' WCPA claim against MERS and AHMSI is DISMISSED without prejudice.

Finally, in Washington, IIED is the same as the tort of outrage.  Kloepfel v. Bokor, 149 Wn.2d 192-93 (2003).  A plaintiff must prove that there was (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress.  Dombrosky v. Farmers Ins. Co. of Washington, 84 Wn. App. 245, 261 (1996).  The conduct in question must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Id.  Whether the conduct is "sufficiently outrageous" is a question of fact for the jury.  Id.  But the court makes the initial determination of whether "reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability."  Id.  Plaintiffs have not alleged any facts from which the Court can reasonably infer that Defendants MERS and AMHSI committed any "extreme and outrageous" conduct in their dealings with Plaintiffs.  Therefore, Plaintiffs' IIED claim against MERS and AHMSI is DISMISSED without prejudice.

### D. Leave to amend time-barred Federal claims

Plaintiffs seek leave to amend. Leave to amend should be denied only if a court determines that pleading additional facts consistent with the challenged pleading could not possibly cure the deficiency. Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiffs' TILA and RESPA claims are not only factually deficient but are also time-barred. Thus, leave to amend would be futile unless equitable tolling applies to them to suspend the respective statutes of limitations.

Equitable tolling does not apply to Plaintiffs' rescission claim. See Taylor v. The Money Store, 42 Fed. App'x 932 (9th Cir. 2002). Plaintiffs' claim for rescission expired at the end of the three-year period and cannot now be revived either affirmatively or defensively. Id.; see also Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998). Plaintiffs' claim for rescission, which was filed outside of the three-year period permitted by the statute, is therefore DISMISSED with prejudice.

Equitable tolling may apply to suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover" the fraud or nondisclosures that form the basis of the TILA damage action. See King v. California, 784 F.2d 910, 915 (9th Cir. 1986). The Ninth Circuit is yet to address, and other circuits disagree, on the issue of whether equitable tolling applies to suspend the statute of limitations in RESPA actions. See Lawyers Title Inc. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1166-67 (7th Cir. 1997) (RESPA actions subject to

equitable tolling); but see Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1040-41 (D.C. Cir. 1986) (equitable tolling not applicable to RESPA actions).  Equitable tolling should be read into every federal statute of limitations.  See Holmberg v. Armbrecht, 327 U.S. 392, 396-97 (1946).  Therefore, Plaintiffs' claims for statutory damages under TILA and RESPA will be DISMISSED without prejudice[4] and with leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants MERS and AMHSI's motion to dismiss, docket no. 9, is GRANTED IN PART and DENIED IN PART as follows:

1) Plaintiffs' First Cause of Action (Rescission) is DISMISSED with prejudice;

2) Plaintiffs' Second Cause of Action (TILA Violations), Third Cause of Action (RESPA Violations), Fourth Cause of Action (Consumer Protection Act Violations), and Eighth Cause of Action (Intentional Infliction of Emotional Distress) are DISMISSED without prejudice, with leave to amend.  Plaintiffs may file an amended complaint amending these causes of action on or before January 14, 2011.

///
///
///

---

[4] The Court notes that amendment would be futile, unless Plaintiffs can allege facts, subject to Rule 11(b) requirements, that would entitle them to equitable tolling and to cure the factual deficiencies in the complaint.  Nevertheless, the Court is persuaded that the Plaintiffs should be permitted an opportunity to amend at this early stage of the proceedings.

ORDER - 11

IT IS SO ORDERED

DATED this 15th day of December, 2010.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge